# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BATES, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-02085-LJO-SAB<br><br>(ECF Nos. 40, 47, 48) |
| MARLON ALTAMIRANO, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00607-LJO-SAB<br><br>(ECF Nos. 42, 49, 50) |
| ANDREW ALANIZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01063-LJO-SAB<br><br>(ECF Nos. 36, 43, 44) |
| JOSE APARICIO, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01369-LJO-SAB<br><br>(ECF Nos. 28, 35, 36) |

| | |
|---|---|
| DEREK BIRGE, et al., | Case No. 1:15-cv-01901-LJO-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | (ECF Nos. 26, 32, 33) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court are Defendants' motion to dismiss the above referenced actions on the grounds of qualified immunity.

## I.

## PROCEDURAL HISTORY

On December 29, 2014, forty-five plaintiffs filed <u>Bates v. Schwarzenegger</u>, no. 1:14-cv-02085-LJO-SAB (E.D. Cal.) against defendants Arnold Schwarzenegger, Jeffrey Beard, Paul Brazelton, James Hartley, Susan Hubbard, Deborah Hysen, Felix Igbinosa, Scott Kernan, Chris Meyer, Tanya Rothchild, Teresa Schwartz, Dwight Winslow, Carl Wofford, James Yates, and James Tilton.[1]  The matter was stayed from January 22, 2015 until September 16, 2015.  On November 14, 2015, the plaintiffs filed a first amended complaint.  Subsequently, the matter was stayed pending the resolution of the appeals in the related cases of <u>Smith, et al. v. Schwarzenegger, et al.</u>, appeal no. 15-17155, <u>Hines v. Youssef</u>, appeal no. 15-16145, and <u>Jackson, et al. v. Brown, et al.</u>, appeal no. 15-17076.  (ECF No. 51.)  On February 1, 2019, the Ninth Circuit issued an order affirming the district court decision in <u>Smith, et al. v. Schwarzenegger, et al.</u>, appeal no. 15-17155, and <u>Hines v. Youssef</u>, appeal no. 15-16145, and affirming in part and reversing in part in <u>Jackson, et al. v. Brown, et al.</u>, appeal no. 15-17076. The stay of this matter was lifted on April 5, 2019.  On April 26, 2019, the named defendants filed a motion to dismiss.  The plaintiffs filed an opposition on July 3, 2019.  The defendants filed a reply on July 17, 2019.

/ / /

---

[1] All these actions have also been filed against Clark Kelso and Robert Sillen, receivers for the CDCR, but these defendants have been dismissed from the actions.

2

1         On April 17, 2015, fifty six plaintiffs filed <u>Altamirano v. Schwarzenegger</u>, no. 1:15-cv-00607-LJO-SAB against defendants Arnold Schwarzenegger, Jeffrey Beard, Paul Brazelton, Matthew Cate, Scott Frauenheim, James Hartley, Susan Hubbard, Deborah Hysen, Felix Igbinosa, Scott Kernan, Chris Meyer, Tanya Rothchild, Teresa Schwartz, Dwight Winslow, Carl Wofford, James A. Yates, and James Tilton. A first amended complaint was filed on November 14, 2015. On February 19, 2016, the matter was stayed pending resolution of the appeals in <u>Smith</u>, <u>Hines</u>, and <u>Jackson</u>. On April 5, 2019, an order issued lifting the stay. The named defendants file a motion to dismiss on April 26, 2019. The plaintiffs filed an opposition on July 3, 2019. The defendants filed a reply on July 17, 2019.

        On July 9, 2015, seventeen plaintiffs filed <u>Alaniz v. Schwarzenegger</u>, no. 1:15-cv-01063-LJO-SAB (E.D. Cal.) against defendants Arnold Schwarzenegger, Jeffrey Beard, Paul Brazelton, Matthew Cate, Scott Frauenheim, James Hartley, Susan Hubbard, Deborah Hysen, Felix Igbinosa, Scott Kernan, Chris Meyer, Tanya Rothchild, Teresa Schwartz, Dwight Winslow, Carl Wofford, James A. Yates, and James Tilton. On February 18, 2016, the matter was stayed pending resolution of the the appeals in <u>Smith</u>, <u>Hines</u>, and <u>Jackson</u>. On April 5, 2019, an order issued lifting the stay. The named defendants file a motion to dismiss on April 26, 2019. The plaintiffs filed an opposition on July 3, 2019. The defendants filed a reply on July 17, 2019.

        On September 5, 2015, thirteen plaintiffs filed <u>Aparicio v. Schwarzenegger</u>, no. 1:15-cv-01369-LJO-SAB (E.D. Cal.) against defendants Arnold Schwarzenegger, Jeffrey Beard, Paul Brazelton, Matthew Cate, Scott Frauenheim, James Hartley, Susan Hubbard, Deborah Hysen, Felix Igbinosa, Scott Kernan, Chris Meyer, Tanya Rothchild, Teresa Schwartz, Dwight Winslow, Carl Wofford, James A. Yates, and James Tilton. On February 19, 2016, the matter was stayed pending resolution of the the appeals in <u>Smith</u>, <u>Hines</u>, and <u>Jackson</u>. On April 5, 2019, an order issued lifting the stay. The named defendants file a motion to dismiss on April 26, 2019. The plaintiffs filed an opposition on July 3, 2019. The defendants filed a reply on July 17, 2019.

        On December 19, 2015, fourteen plaintiffs filed <u>Birge v. Schwarzenegger</u>, no. 1:15-cv-01901-LJO-SAB (E.D. Cal.) against defendants Arnold Schwarzenegger, Jeffrey Beard, Paul Brazelton, Matthew Cate, Scott Frauenheim, James Hartley, Susan Hubbard, Deborah Hysen,

Felix Igbinosa, Scott Kernan, Chris Meyer, Tanya Rothchild, Teresa Schwartz, Dwight Winslow, Carl Wofford, James A. Yates, and James Tilton. On May 19, 2016, the matter was stayed pending resolution of the the appeals in <u>Smith</u>, <u>Hines</u>, and <u>Jackson</u>. On April 5, 2019, an order issued lifting the stay. The named defendants filed a motion to dismiss on April 26, 2019. The plaintiffs filed an opposition on July 3, 2019. The defendants filed a reply on July 17, 2019.

On July 29, 2019, the hearing on the motions to dismiss were vacated and the matters were taken under submission.

## II.

## COMPLAINT ALLEGATIONS

All plaintiffs in these actions are current or former inmates in the custody of the California Department of Corrections ("CDCR") and were housed at prisons which are located in the Central Valley of California.[2] Arnold Schwarzenegger and Edmond Brown, Jr. are former Governors of the State of California. The remaining defendants are current or former prison officials.

The plaintiffs bring this action alleging that the state and prison officials were deliberately indifferent to their risk of contracting Valley Fever and developing disseminated disease. Coccidioidomycosis ("Valley Fever") is a parasitic disease caused by inhaling fungal spores that are located in soils in certain areas of the United States, including California. Valley Fever spores are prevalent in the Central Valley of California.

Once an individual contracts Valley Fever it can progress to a disseminated form ("disseminated Valley Fever") which can affect the organs of the body and may result in death. There is no cure for disseminated Valley Fever and the infected individual must take antifungal drugs for the remainder of their life. Patients with disseminated Valley Fever may be expected to have debilitating relapses during their lifetime.

///

---

[2] Other than the information regarding the plaintiffs and some minor differences in the named defendants based on where the specific inmates were housed, all the complaints are substantially identical. Similarly, the motions to dismiss, oppositions, and replies are identical in each action. Accordingly, the Court considers the complaints, moving and opposition papers in one order.

4

Plaintiffs contend that the named defendants were aware of the prevalence of Valley Fever and located Avenal State Prison ("ASP"), Wasco State Prison ("WSP"), California Correctional Institution ("CCI"), California State Prison-Corcoran, Pleasant Valley State Prison ("PVSP"), California Substance Abuse Treatment Facility, and Kern Valley State Prison ("KVSP") in the hyper-endemic region of the Central Valley. Plaintiffs state that ASP and PVSP contain an acutely amplified risk of Valley Fever and were known by 2006 to be extraordinarily dangerous. Due to this epidemic of Valley Fever in which infection rates were increasing in the prisons, in 2007, CDCR implemented an ineffective policy that protected persons with certain medical conditions but did not protect other inmates who defendants knew were at risk and did not stem the epidemic of Valley Fever.

Plaintiffs also allege that it is commonly and widely known that certain groups are more susceptible than others to developing disseminated Valley Fever. It has long been acknowledged in scientific literature that African-Americans and Filipinos are exceptionally susceptible. In addition to those higher risk racial and ethnic groups (African-Americans, Filipinos and other Asians, Hispanics, and American Indians), individuals with compromised or suppressed immune systems are also at an increased risk of developing disseminated Valley Fever. The incident rates of Valley Fever at PVSP, ASP, and WSP are much higher than the incident rates in Kern County and over thirty inmates have died from Valley Fever.

Generally, the plaintiffs allege that each of the named defendants were aware of the elevated risk of inmates in the hyper-endemic areas of contracting Valley Fever and that failure to control inmate exposure to the soil in the areas increased the risk. Despite this knowledge, construction projects were authorized and new dormitories were built at PVSP and no efforts were taken to remediate the inmates' exposure to Valley Fever spores.

Most plaintiffs allege that they have risk factors that placed them at an increased risk of developing disseminated Valley Fever and contracted Valley Fever while housed at PVSP or ASP.[3] Plaintiffs continue to suffer from the effects of the disease. Plaintiffs allege that the

---

[3] Plaintiff Campbell contracted Valley Fever while housed at the Central Valley Modified Community Correctional Facility and was later transferred to KVSP where he was diagnosed with Valley Fever. Plaintiff Chaney contracted

named defendants were deliberately indifferent to their risk of contracting Valley Fever by housing them where they were exposed to Valley Fever.

### III.

### MOTION TO DISMISS LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly

---

Valley Fever at Corcoran State Prison. Plaintiff Gamboa contracted Valley Fever at CCI. Plaintiff Masushige contracted Valley Fever at WSP.

suggest an entitlement to relief. Starr, 652 F.3d at 1216. "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988)).

## IV.

## ANALYSIS AND DISCUSSION

Defendants move to dismiss this action based upon the Ninth Circuit' recent holding in Hines v. Youseff, 914 F.3d 1218 (9th Cir. 2019). Defendants contend that Hines is controlling and they are entitled to qualified immunity for housing inmates in prisons in which they were exposed to Valley Fever. Defendants further request that the Court decline to exercise supplemental jurisdiction over the state law claims and that the actions be dismissed without leave to amend.

Plaintiffs concede that the motion to dismiss must be granted but state that other arguments could be addressed should the Court choose to do so. Plaintiffs argue that the Ninth Circuit was wrong to assert that exposure to Valley Fever is a risk that society is willing to accept. Plaintiffs further argue that this Court has previously defined the right at the incorrect level of generality in addressing the issue of qualified immunity, and that the receiver did not have authority to compel CDCR to adopt a particular protocol to prevent contraction of Valley Fever.

Defendants reply that the plaintiffs have conceded that the motion to dismiss must be granted based on qualified immunity under the controlling decision in Hines. Defendants argue that the Ninth Circuit has conclusively addressed the arguments raised in the objection and has determined that "the right to be free from heightened exposure to Valley Fever spores" is not clearly established citing Hines, 914 F.3d at 1229-31.

**A.    Qualified Immunity**

The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009)

7

(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). " 'Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.' " Stanton v. Sims, 134 S.Ct. 3, 5 (2013) (citations omitted).

To determine if an official is entitled to qualified immunity the court uses a two part inquiry. Saucier v. Katz, 533 U.S. 194, 200 (2001). The court determines if the facts as alleged state a violation of a constitutional right and if the right is clearly established so that a reasonable official would have known that his conduct was unlawful. Saucier, 533 U.S. at 200. A district court is "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236. The inquiry as to whether the right was clearly established is "solely a question of law for the judge." Dunn v. Castro, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting Tortu v. Las Vegas Metro. Police Dep't. 556 F.3d 1075, 1085 (9th Cir. 2009)).

It is not required that there be a case directly on point before concluding that the law is clearly established, "but existing precedent must have placed the statutory or constitutional question beyond debate." Stanton, 134 S.Ct. at 5 (quoting Ashcroft v. al–Kidd, 131 S.Ct. 2074, 2085 (2011). A right is clearly established where it is "sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." Hines, 914 F.3d at 1229 (quoting Reichle v. Howards, 566 U.S. 658, 664 (2012)).

In determining if the right is clearly established, the court must consider the law, "in light of the specific context of the case, not as a broad general proposition." Hines, 914 F.3d at 1229 (Mullenix v. Luna, 136 S.Ct. 305, 308 (2015)). Plaintiffs argue that this court has previously defined the question as to whether the law was clearly established too specifically. But the question to be addressed is whether, in light of precedent existing at the time, the defendants would be aware that housing inmates in an area where they were exposed to heightened exposure to Valley Fever spores would violate their constitutional rights. As Plaintiffs concede, this question has been answered by the Ninth Circuit in Hines.

1 In Hines, the Ninth Circuit did not consider whether exposing inmates to heightened exposure of Valley Fever spores violated the Eighth Amendment's prohibition against cruel and unusual punishment, but addressed whether the law was clearly established at the time the defendants acted. Hines, 914 F.3d at 1229. While the court did not require a case on all fours, the court found that in order for the law to be clearly established there would need to be controlling authority or a robust of consensus of cases of persuasive authority that had previously held that it would be cruel and unusual punishment to expose prisoners to a heightened exposure to Valley Fever spores. Hines, 914 F.2d at 1230. Similar to the district court's previous findings, see Smith v. Schwarzenegger, 137 F.Supp.3d 1233, 1242-1251 (E.D. Cal. 2015), aff'd sub nom. Hines, 914 F.3d 1218; the Ninth Circuit found that no such precedent exits. Hines, 914 F.3d at 1230. The court also found that the risk was not so clear or obvious that exposing inmates to Valley Fever would violate the Eighth Amendment. Id. at 1230. More specifically, the Court found it was not obvious so that no reasonable prison official would have thought that free society would not have tolerated the risk. Id. at 1231. The plaintiffs failed to meet their burden because "a federal court supervised the officials' actions, and there is no evidence that 'society's attitude had evolved to the point that involuntary exposure" to such a risk 'violated current standards of decency,' especially given that millions of free individuals tolerate a heightened risk of Valley Fever by voluntarily living in California's Central Valley and elsewhere. Those two facts mean that a reasonable official could have thought that he or she was complying with the Constitution." Id.

Although Plaintiff concede that Hines is controlling in this action they argue that the Ninth Circuit was wrong in finding that the law was not clearly established and that the holding regarding societal expectations with respect to Valley Fever is factually and legally inaccurate. Plaintiff is reminded as the Supreme Court recently stated,

> "Overruling precedent is never a small matter." Kimble v. Marvel Entertainment, LLC, 576 U. S. ——, ——, 135 S.Ct. 2401, 2409, 192 L.Ed.2d 463 (2015). Adherence to precedent is "a foundation stone of the rule of law." Michigan v. Bay Mills Indian Community, 572 U.S. 782, 798, 134 S.Ct. 2024, 188 L.Ed.2d 1071 (2014). "[I]t promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." Payne v.

> Tennessee, 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991). To be sure, stare decisis is "not an inexorable command." Id., at 828, 111 S.Ct. 2597. But any departure from the doctrine demands "special justification"—something more than "an argument that the precedent was wrongly decided." Halliburton Co. v. Erica P. John Fund, Inc., 573 U.S. 258, 266, 134 S.Ct. 2398, 189 L.Ed.2d 339 (2014).

Kisor v. Wilkie, 139 S. Ct. 2400, 2422 (2019).

"The doctrine of stare decisis reflects a judgment that in most matters it is more important that the applicable rule of law be settled than that it be settled right." Knick v. Twp. of Scott, Pennsylvania, 139 S. Ct. 2162, 2177 (2019)) (internal punctuation and citations omitted). Stare decisis " 'is at its weakest when we interpret the Constitution,' . . . because only [the Supreme Court] or a constitutional amendment can alter our holdings." Knick, 139 S. Ct at 2177 (quoting Agostini v. Felton, 521 U.S. 203, 235 (1997)). But "even in constitutional cases, a departure from precedent 'demands special justification.' " Gamble v. United States, 139 S. Ct. 1960, 1969 (2019) (quoting Arizona v. Rumsey, 467 U.S. 203, 212 (1984)).

The Hines court held that the officials were entitled to qualified immunity against the Eighth Amendment claims. 914 F.3d at 1232. The Ninth Circuit's decision in Hines is controlling in this action, and the Court finds that the defendants are entitled to qualified immunity on the plaintiff's claims that housing inmates in an area where they were exposed to heightened exposure to Valley Fever spores violated the Eighth Amendment.[4]

### B. Supplemental Jurisdiction

Plaintiffs have also brought state law claims of negligence in their complaints. Having found that the defendants are entitled to qualified immunity on the federal claims at issue in this action, no federal claims remain over which this Court has original jurisdiction. See Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005) ("In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331.") Here diversity jurisdiction does not exist because the parties would all be citizens of California. The only claims remaining are the state law claims over which the Court has supplemental

---

[4] The Court declines Plaintiffs' invitation to use it already strained resources to discuss the additional issues raised in the objection.

jurisdiction. See 28 U.S.C. § 1367(c)(3). The Court considers whether it should continue to exercise supplemental jurisdiction over the state law claims.

Where a district court has original jurisdiction, it may exercise supplemental jurisdiction over all claims that are that are so related that they form part of the same case or controversy. 28 U.S.C. § 1367(a). As relevant here, the district court may decline to exercise supplemental jurisdiction where all claims over which the court has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). "To decline jurisdiction under § 1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003). Once the federal claim on which jurisdiction exists has been proven to be unfounded at summary judgment, this allows courts to avoid determining issues of state law. Id.; Bryant v. Adventist Health Sys./W., 289 F.3d 1162, 1169 (9th Cir. 2002).

"[D]istrict courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172–73 (1997) (quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) (quoting Carnegie–Mellon Univ., 484 U.S. at 350 n.7).

Given that this case is at an early state of the proceedings, the court should decline to exercise supplemental jurisdiction since there are no remaining federal claims. See Carnegie-Mellon Univ., 484 U.S. at 350 (holding that "[w]hen the balance of . . . factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the

lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); see also United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); Harrell v. 20th Century Insurance Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendent claims to state court).

Here, all the federal claims have been dismissed because the defendants are entitled to qualified immunity. The cases are all still at an early stage of the proceedings as no answer has been filed and a scheduling conference has not yet occurred. As the only remaining claims would be state law causes of action, it is recommended that the court decline to exercise supplemental jurisdiction over the state law claims in these actions.

## V.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The motions to dismiss on the ground that the defendants are entitled to qualified immunity be GRANTED; and

2. The Court decline to exercise supplemental jurisdiction over the remaining state law claims..

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

///

///

time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler,</u> 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 30, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE